UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Francisco J. Ferrufino<br>c/o DC Employment Justice Center<br>   727 15th St., NW, 2nd Floor<br>   Washington, D.C. 20005<br><br>Marvin Hércules<br>c/o DC Employment Justice Center<br>   727 15th St., NW, 2nd Floor<br>   Washington, D.C. 20005<br><br>Noe A. Navarrete<br>c/o DC Employment Justice Center<br>   727 15th St., NW, 2nd Floor<br>   Washington, D.C. 20005<br><br>William Pascual<br>c/o DC Employment Justice Center<br>   727 15th St., NW, 2nd Floor<br>   Washington, D.C. 20005<br><br>individuals, on behalf of themselves and<br>all persons similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>Vigor Restaurant, LLC<br>d/b/a Epicurean and Company<br>   Registered Agent:<br>   Jecca Corporate Services, Inc.<br>   1225 19th St., NW, #320<br>   Washington, DC 20036<br><br>RC CT Avenue Restaurant, LLC<br>d/b/a Epicurean and Company<br>   Registered Agent:<br>   Jecca Corporate Services, Inc.<br>   1225 19th St., NW, #320<br>   Washington, DC 20036<br><br>      Defendants. | **COLLECTIVE AND CLASS ACTION<br>COMPLAINT and DEMAND FOR JURY<br>TRIAL**<br>Case No. _____ |

1

## COMPLAINT

Plaintiffs Francisco Ferrufino, Marvin Hércules, Noe Navarrete, and William Pascual, on behalf of themselves and all others similarly situated, bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Fed. R. Civ. P. 23(b) and the District of Columbia Minimum Wage Revision Act ("DC Minimum Wage Act"), D.C. Code § 32-1000 *et seq.*, and Wage Payment and Collection Act ("DC Wage Payment Act"), D.C. Code § 32-1301, *et seq.* Through these actions, Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, declaratory and injunctive relief, and attorneys' fees and costs.

## JURISDICTION

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants do business in this district and are subject to personal jurisdiction in this district.

## PARTIES

3. Defendants Vigor Restaurant, LLC ("Vigor") and RC CT Avenue Restaurant, LLC ("RC") are domestic limited liability companies organized and existing under the laws of the District of Columbia and registered to do business in the District of Columbia. Vigor and RC

maintain two restaurants in the District of Columbia, each of which does business as Epicurean and Company. The Vigor establishment is located at 3800 Reservoir Road, NW, Washington, DC 20007. The RC establishment is located at 4250 Connecticut Ave., NW, Washington, DC 20008. On information and belief, Epicurean and Company's Vigor and RC establishments are both owned and operated by the same person, Chang Wook Chong and/or Charlie Chiang, who is responsible for Epicurean's established pay policies and who acts personally as an employer suffering and permitting Plaintiffs and other persons similarly situated to work.

4. Defendants Vigor and RC, hereinafter referred to collectively as "Epicurean Enterprise" or "Defendants" constitute an enterprise that collectively conducts business and employment practices in the District of Columbia. Each of the named Defendants consented to, authorized, and/or ratified the acts alleged herein and is a joint employer of Plaintiffs and others similarly situated within the meaning of 29 C.F.R. § 791.2.

5. At all times relevant to this action, Epicurean Enterprise has been an enterprise with two or more employees engaged in interstate commerce pursuant to 29 C.F.R. § 779.22 and 29 U.S.C. § 203(s)(1)(A). Specifically, Epicurean Enterprise is engaged in the production and selling of American and international cuisine at two restaurants in the District of Columbia.

6. At all times relevant to this action, Epicurean Enterprise has been the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d), the DC Minimum Wage Act, D.C. Code § 32-1002(3), and the DC Wage Payment Act, D.C. Code § 32-1301(1).

7. On information and belief, Epicurean Enterprise's annual gross volume of sales exceeds $500,000.

8. Plaintiff Ferrufino was employed by Defendants at their 4250 Connecticut Ave., NW, location from approximately March 2007 to March 2010.

9. Plaintiff Navarrete was employed by Defendants at their 4250 Connecticut Ave., NW, establishment from approximately January 2008 to March 2010.

10. Plaintiff Hércules was employed by Defendants at their 4250 Connecticut Ave., NW, establishment from approximately July 2005 to March 2010.

11. Plaintiff Pascual was employed by Defendants at their 3800 Reservoir Rd., NW, establishment from approximately October 2008 to in or about March 2010.

12. Throughout their employment with Defendants, Plaintiffs and other members of the collective and class actions held various responsibilities, including as cooks, cooks' assistants (who prepare food to be cooked by cooks), food runners (who carried food from the kitchen to the buffet lines), cleaners (who cleaned and maintained cooking equipment and restaurant premises), cashiers, dishwashers, and other positions. Defendants' pay policies remained constant for employees in all of these responsibilities.

13. Pursuant to 29 U.S.C. § 216(b), the foregoing Plaintiffs have consented in writing to be plaintiffs in this action. Their consent forms are attached as Exhibits A through D to this Complaint.

## GENERAL ALLEGATIONS

14. Epicurean Enterprises employed Plaintiffs, and similarly situated employees, at an hourly rate of pay for substantial portions of their employment.

15. Plaintiffs, and similarly situated employees, are non-exempt workers under the FLSA and the DC Minimum Wage law.

16. Plaintiffs, and similarly situated employees, frequently worked for Epicurean Enterprise in excess of 40 hours per week ("Overtime Hours").

17. When Plaintiffs or other employees worked Overtime Hours, Epicurean Enterprise generally paid them at their regular rate and failed to pay them one and one-half times their regular rate of pay for all such Overtime Hours.

18. When Plaintiffs or other employees worked Overtime Hours, Epicurean Enterprise generally remitted payments to them for Overtime Hours in cash. Epicurean Enterprise did not record in its computer payroll system the cash payments or the corresponding Overtime Hours worked.

19. Epicurean Enterprise did, however, record Plaintiffs', and similarly situated employees', first 40 hours of work per week through its computer payroll system.

20. On information and belief, Epicurean Enterprise instituted this common pay policy in both its Connecticut Avenue and Reservoir Road establishments.

21. Although Epicurean Enterprise may have posted in its Reservoir Road establishment English-language notices approved by the U.S. Department of Labor and/or the Government of the District of Columbia to notify its employees of their right to overtime compensation under federal and District laws, Epicurean Enterprises did not post comparable notices in either establishment in Spanish even though it knew that a substantial number of its employees had limited English proficiency but are fluent in Spanish.

## COLLECTIVE ACTION ALLEGATIONS
## UNDER THE FLSA AND DC MINIMUM WAGE ACT

22. Plaintiffs incorporate paragraphs 1 to 21, as if set forth in their entirety herein.

23. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b) and the DC Minimum Wage Act, D.C. Code § 32-1012, as to claims for

unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

24. Plaintiffs bring the FLSA and DC Minimum Wage Act claims on their own behalf and on behalf of all non-exempt workers employed by Defendants who were not paid at a rate of one and one-half times the regular rate of pay for Overtime Hours.

25. On information and belief, Epicurean Enterprise has more than 80 current and former non-exempt employees who are similarly situated to the Plaintiffs.

26. These similarly situated employees are known only to Defendants. Therefore, members of this collective class are numerous and unknown to Plaintiffs such that joinder of each member would be impracticable.

27. Because these similarly situated employees are readily identifiable to Defendants and may be located through their records, they may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012, for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA and DC Minimum Wage Act.

28. A collective action is appropriate in this case because the allegations stem from a common compensation policy instituted by Defendants in violation of the FLSA and the DC Minimum Wage Act.

29. Plaintiffs are adequate representatives of the collective class because they were non-exempt employees who routinely worked in excess of 40 hours per week for Epicurean Enterprise and were not paid at a rate of one and one-half times their regular pay for all Overtime Hours in violation of 29 U.S.C. § 207(a)(1) and D.C. Code § 32-1003(c).

30. On information and belief, Defendants failed to post Spanish-language notices advising their employees of their right to overtime pay, even though they knew that a substantial number of their employees spoke Spanish fluently and had limited English proficiency.

31. As a result, any statute of limitations applicable to the FLSA claims is equitably tolled for the period that Defendants failed to post Spanish-language notices.

## CLASS ACTION ALLEGATIONS UNDER DC WAGE PAYMENT ACT

32. Plaintiffs incorporate paragraphs 1 to 31, as if set forth in their entirety herein.

33. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of all other non-exempt workers employed by Defendants at any time over the last three years prior to the filing of this Complaint and through the final disposition of this action, who have not been paid their due wages for all overtime hours worked in violation of the DC Wage Payment Act.

34. As a result of its failure to pay appropriate compensation in accordance with the requirements of FLSA and the DC Minimum Wage Act, Epicurean Enterprise did not pay Plaintiffs and similarly situated employees all wages earned in each pay period in violation of the DC Wage Payment Act, D.C. Code § 32-1302.

35. As a result of its failure to pay appropriate compensation in accordance with the requirements of FLSA and the DC Minimum Wage Act, Epicurean Enterprise did not pay Plaintiffs and other class members who it terminated all wages due within one day of their termination in violation of the DC Wage Pay Act, D.C. Code § 32-1303.

36. The DC Wage Payment Act allows an employee on behalf of himself and others similarly situated to recover unpaid wages owed. D.C. Code § 32-1308. Therefore, a class action is the appropriate method of resolving this dispute.

37.     On information and belief, the number of current and former non-exempt employees employed by Epicurean Enterprise exceeds 80 workers. Therefore, a class action is appropriate as its members are so numerous that joinder of all members is impracticable.

38.     The questions of law and fact in this Complaint are common to the class because Epicurean Enterprise applied its pay policies consistently to each member of the class.

39.     Plaintiffs' claims are typical of the claims of the class members.

40.     Plaintiffs will fairly and adequately represent and protect the interests of the putative class members. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

41.     Because Defendants have acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate, Plaintiffs also meet the prerequisites of Fed. R. Civ. P. 23 (b)(2).

42.     Furthermore, because common questions of law and fact predominate over any questions affecting only individual members of the class, a class action is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).

### FIRST CAUSE OF ACTION
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

43.     Plaintiffs incorporate paragraphs 1-42, as if set forth in their entirety herein.

44.     Section 7(a)(1) of the FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

45. Defendants violated the FLSA by knowingly failing to compensate Plaintiffs and other members of the collective action at a rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

46. Defendants' failure to pay overtime wages was willful and not in good faith as evidenced by its failure to pay overtime wages at the proper rate when Defendants knew, or should have known, that such wages were due.

47. Defendants' willful violation of the FLSA is further evidence by its payment for Overtime Hours at the regular rate of pay in cash, rather than through the payroll system.

48. Defendants are liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional amount as liquidated damages, interest, reasonable attorneys' fees and costs, and any such other and further relief as is deemed appropriate by the court.

49. On information and belief, Defendants failed to post Spanish-language notices advising their employees of their right to overtime pay, even though they knew that a substantial number of their employees spoke Spanish fluently and had limited English proficiency.

50. As a result, any statute of limitations applicable to Plaintiffs' collective FLSA claims are equitably tolled for the period that Defendants failed to post Spanish-language notices.

### SECOND CAUSE OF ACTION
**(Violation of the DC Minimum Wage Act, D.C. Code § 32-1003, *et seq.*)**

51. Plaintiffs incorporate paragraphs 1-50, as if set forth in their entirety herein

52. In pertinent part, the DC Minimum Wage Act provides that "No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives

compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed." D.C. Code § 32-1003(c).

53. Defendants failed to pay Plaintiffs an overtime wage of at least one and one-half times their usual hourly wage for each hour in excess of 40 hours per week, in violation of D.C. Code § 32-1003(c).

54. D.C. Code § 32-1012(b) allows Plaintiffs to bring suit on behalf of themselves and similarly situated employees who give their written consent in order to recover their unpaid overtime compensation, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the court.

55. On information and belief, Defendants failed to post Spanish-language notices advising their employees of their right to overtime pay, even though they knew that a substantial number of their employees spoke Spanish fluently and had limited English proficiency.

56. As a result of Defendants' misleading actions, any statute of limitations applicable to Plaintiffs' collective FLSA claims are equitably tolled for the period that Defendants undertook such actions.

### THIRD CAUSE OF ACTION
### (Violation of DC Wage Payment Act, D.C. Code § 32-1301, *et seq.*)

57. Plaintiffs incorporate paragraphs 1-56, as if set forth in their entirety herein.

58. In pertinent part, the DC Wage Payment Act provides that "Every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer. . . ." D.C. Code § 32-1302.

59. Under the FLSA and DC Minimum Wage Act, Plaintiffs and other class members earned wages for Overtime Hours at one and one-half times their regular rate of pay. See 29 U.S.C. § 207(a)(1), D.C. Code § 32-1003.

60. By failing to pay Plaintiffs and other class members proper one and one-half times their regular rate, the Defendants failed to pay "all wages earned" during each pay period in violation of D.C. Code § 32-1302.

61. The DC Wage Payment Act further provides in pertinent part that "Whenever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following such discharge. . . ." D.C. Code § 32-1303(1).

62. By failing to pay Plaintiffs and other terminated class members overtime wages within a day of their terminations, the Defendants failed to pay their "wages earned" upon their terminations in violation of D.C. Code § 32-1303(1).

63. Pursuant to the DC Wage Payment Act § 32-1308, Plaintiffs and other class members seek their unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a. Certify Plaintiffs' FLSA and DC Minimum Wage Act claims as a collective action under 29 U.S.C. § 261(b) and D.C. Code § 32-1012(b) on behalf of themselves all other similarly situated employees;

b. Certify Plaintiffs' DC Wage Payment Act claims as a class action under Fed. R. Civ. P. 23 on behalf of themselves and all other similarly situated employees;

  c.  Declare that Defendants willfully violated Plaintiffs' rights, and the rights of other collective and class members, under the FLSA, the DC Minimum Wage Act, and the DC Wage Payment Act;

  d.  Enjoin Defendants to comply with all applicable federal and state wage laws;

  e.  Award to each Plaintiff and to each member of the collective and class actions his or her unpaid overtime wages plus an equal amount of liquidated damages as required by FLSA, the DC Minimum Wage Act, and the DC Wage Payment Act;

  f.  Award Plaintiffs pre-judgment interest on all amounts owed;

  g.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided by 29 U.S.C. § 216(b), D.C Code § 32-1012(c), and D. C. Code § 32-1308(b).

  h.  Grant such other and further relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, along with members of the collective action and of the class action, demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Lisa Y. Guerra*

Lisa Y. Guerra
D.C. Bar Number 495450
DC Employment Justice Center
727 15th St., NW, 2nd Floor
Washington, D.C. 20005
(202) 828-9675
lguerra@dcejc.org

Edgar N. James
D.C. Bar Number 333013
Darin M. Dalmat

                D.C. Bar Number 978922
                James & Hoffman, P.C.
                1101 17th St., NW, Ste. 510
                Washington, D.C. 20036
                (202) 496-0500
                ejames@jamhoff.com
                dmdalmat@jamhoff.com

                Attorneys for Plaintiffs

Dated: June 25, 2010