# EXHIBIT A:
# Settlement Agreement

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Francisco Ferrufino, et al.        )
                                   )
    Plaintiffs,                    )
                                   )
        v.                         )   Case No. 1:10-cv-01070
                                   )   Hon. Robert Wilkins
Vigor Restaurant, LLC, et al.      )
                                   )
    Defendants.                    )

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this 26 day of June, 2013, by and between Marvin Hercules ("Plaintiff"), on the one part, and Vigor Restaurant, LLC, RC CT Avenue Restaurant, LLC, and Chong Wook Chon (collectively, "Defendants" or "Epicurean"), on the other part. The parties hereby stipulate and agree as follows:

1) Plaintiff filed the complaint in this action on June 25, 2010, ECF No. 1, for unpaid overtime pay, liquidated damages, and attorney's fees under the Fair Labor Standards Act ("FLSA") and D.C. Minimum Wage and Revision Act ("DC Minimum Wage Act"), and the complaint was later amended on May 6, 2011, ECF No. 57. His claims were dismissed for lack of prosecution by order dated December 21, 2011, ECF No. 86, and were later reinstated by order dated May 3, 2013, which granted his motion under Rule 60 for relief from that dismissal, ECF No. 113.

2) Epicurean has offered to settle Plaintiff's claims upon the terms set forth herein, and Plaintiff has accepted these terms:

    a. **Consideration:** In complete settlement of Plaintiff's unpaid overtime and liquidated damages claims, Epicurean shall pay to Plaintiff the sum of

1

$11,000 ("Settlement Sum"), which shall be paid in two equal installments as follows: the first payment of $5,500 (less any applicable taxes as described in paragraph (b)) shall be made within seven (7) calendar days of the date that the Court notifies the parties of its approval of this Agreement; the second payment of $5,500 shall be made within forty (40) calendar days of the date that the Court notifies the parties of its approval of this Agreement. The checks shall be delivered to Darin Dalmat, James & Hoffman, PC, 1130 Connecticut Avenue, NW, Suite 950, Washington, DC 20036.

b. **Apportionment:** The Settlement Sum shall be apportioned as follows:

1) $350, less all applicable statutory deductions, including federal and state payroll withholding and taxes, payable to Plaintiff for all alleged overtime pay owed. Plaintiff will be issued an IRS Form W-2 in connection with this payment;

2) $10,650, payable to Plaintiff for all alleged liquidated damages. Plaintiff will be issued an IRS Form 1099 in connection with this payment indicating that this amount constitutes "Other Income."

c. **Attorney's Fees:** The Court has awarded Plaintiff attorney's fees incurred in the prosecution of his Rule 60 motion, ECF No. 113, and the parties have submitted their dispute over those fees to the Court for adjudication. Plaintiff's counsel has represented to the Court that they do not intend to seek any additional attorney's fees or costs in connection with Plaintiff's FLSA claims incurred after the Court's order on Plaintiff's Rule 60 motion, ECF No. 113. Plaintiff and his counsel hereby waive any right to such additional fees.

2

The parties expressly acknowledge that nothing in this Agreement shall be construed to constitute a release of Plaintiff's claims for attorney's fees to be awarded by the Court in accordance with its May 3, 2013, Order (ECF No. 113), June 25, 2013, Minute Order, or any subsequent order awarding attorney's fees. The parties do not waive any right to appeal the Court's order with respect to attorneys' fees and costs.

d. **Release:** Plaintiff, on his own behalf and on behalf of his heirs, devisees, assigns, executors, administrators, representatives, successors and each of them (the "Releasing Parties") hereby unconditionally release, forever discharge, indemnify and hold harmless Defendants and their present and former affiliates, attorneys, insurers, agents, representatives, predecessors in interest, heirs, successors, and assigns, and each of them (separately and collectively the "Released Parties") from any and all charges, complaints, claims, grievances, liens, demands, causes of action, obligations, damages and liabilities of every kind, known and unknown, that the Releasing Parties have had in the past or now have against the Released Parties arising directly or indirectly out of or related in any way to their employment with the Released Parties through the date of this Agreement—except as otherwise noted in Paragraph 2(c), above.

e. **Confession of Judgment:** To secure payment of the Settlement Sum, simultaneously with the execution of this Agreement, Defendants shall execute a Confession of Judgment in favor of Plaintiff, representing the Settlement Sum ($11,000.00) plus accrued interest, attorney's fees, and costs,

3

as set forth in the Confession of Judgment, a copy of which is attached hereto as Exhibit A. Defendants acknowledge that in the event that they fail to pay the Settlement Sum in accordance with the Payment Schedule set forth in paragraph 2(a) above, Defendants shall be liable to Plaintiff or his attorneys, as applicable, for the outstanding balance of the Settlement Sum after application of any payments made by Defendants pursuant to this Agreement, plus interest and reasonable attorney's fees and costs.

f. **Signatures and Effective Date:** This Agreement may be executed in counterparts, each of which when executed shall be deemed an original. This Agreement shall become effective upon approval by the Court.

g. **Approval:** Upon execution of this Agreement, the parties shall promptly seek approval of this Agreement from the Court. The parties shall exercise all reasonable effort in obtaining such approval.

_____
Marvin Hercules

_____
Chang Wook Chon,
on behalf of Defendants

Date: 06/26/13

as set forth in the Confession of Judgment, a copy of which is attached hereto as Exhibit A. Defendants acknowledge that in the event that they fail to pay the Settlement Sum in accordance with the Payment Schedule set forth in paragraph 2(a) above, Defendants shall be liable to Plaintiff or his attorneys, as applicable, for the outstanding balance of the Settlement Sum after application of any payments made by Defendants pursuant to this Agreement, plus interest and reasonable attorney's fees and costs.

f. **Signatures and Effective Date:** This Agreement may be executed in counterparts, each of which when executed shall be deemed an original. This Agreement shall become effective upon approval by the Court.

g. **Approval:** Upon execution of this Agreement, the parties shall promptly seek approval of this Agreement from the Court. The parties shall exercise all reasonable effort in obtaining such approval.

_____  _____
Marvin Hercules                  Chang Wook Chon,
                                 on behalf of Defendants

Date: _____    __06/26/13__

## CONFESSION OF JUDGMENT

Defendants Vigor Restaurant, LLC, RC CT Avenue Restaurant, LLC, and Chong Wook Chon (collectively, "Defendants" or "Epicurean") hereby acknowledge themselves to be justly indebted to Plaintiff Marvin Hercules in the above-captioned action, and hereby confess judgment in favor of Plaintiff Hercules ("Plaintiff").

In consideration of mutual promises and other good and valuable consideration, including the Plaintiff's agreement to settle with Defendants the civil action pending in the United States District Court for the District of Columbia captioned *Ferrufino et al. v. Vigor Restaurant, LLC, et al.*, Civil Action No. 1:10-cv-01070, Defendants hereby knowingly, voluntarily, and intentionally acknowledge, consent, and agree as follows:

1) Plaintiff and Defendants hereby acknowledge the validity of the Settlement Agreement ("Agreement") entered into by Plaintiffs and Defendants, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

2) Defendants hereby acknowledge that the Agreement made Defendants jointly and liable for the payment to Plaintiffs the sum of $11,000.00, according to a payment schedule set forth in paragraph 2(a) of the Agreement.

3) To avoid the expense of further litigation, Defendants entered into the Agreement and acknowledge that they are bound by its terms.

4) Defendants acknowledge that the Agreement obligates them to make two payments to Plaintiff. The first payment shall be for $5,500 (less any applicable taxes, as described in the Agreement) and shall be due within seven (7) calendar days from the date that the Court notifies the parties of its approval of this Agreement. The second payment shall be for

1

$5,50 and shall be due within forty (40) calendar days from the date that the Court notifies the parties of its approval of this Agreement.

5) Defendants acknowledge and agree that if they fail to make the first payment, they shall confess to a judgment in favor of Plaintiffs in the amount of $11,000.00, plus interest accrued at the rate of 6% per year dating back to the date the first payment is due as well as Plaintiff's reasonable attorney's fees and costs incurred to enforce this Confessed Judgment less any amounts paid by Defendants pursuant to the terms of the Settlement Agreement. Defendants further acknowledge and agree that if they fail to make the second payment, they shall confess to a judgment in favor of Plaintiff in the amount of $5,500.00, plus interest accrued at the rate of 6% per year dating back to the date the Second Installment is due as well as Plaintiffs' reasonable attorneys' fees and costs incurred to enforce this Confessed Judgment less any amounts paid by Defendants as part of the second payment pursuant to the terms of the Settlement Agreement. Defendants acknowledge and agree that they waive any and all defenses to their failure to make the first payment and/or second payment.

6) If Defendants make full and timely payment of the first and second payments, then this Confession of Judgment shall be deemed null and void.

7) Defendants are fully aware that the entry of this confessed judgment will constitute liens upon any real estate of Defendants located in any county where judgment is entered and will entitle Plaintiff (or his attorneys, as applicable) to execute against such real property without opportunity for a hearing.

8) Defendants acknowledge and agree that Plaintiffs (or his attorneys, as applicable) may enforce this confessed judgment against Defendants without their prior knowledge or

consent and without the opportunity to raise any defense or counterclaim, except as to the amount previously paid by Defendants.

9) Defendants acknowledge and agree that the Superior Court for the District of Columbia has jurisdiction over each of them personally and over an action to enter this confessed judgment in favor of Plaintiffs and against Defendants. Defendants acknowledge that the laws of the District of Columbia control interpretation of this confessed judgment.

10) Defendants expressly authorize counsel for Plaintiff to appear in the Superior Court t for the District of Columbia on their behalf in order to enter the confessed judgment against Defendants and in favor of Plaintiff.

11) Defendants waive any right to challenge the confessed judgment on any grounds whatsoever.

12) Defendants release Plaintiff, its successors, assigns, and other representatives, from all actions and omissions (including errors, defects and imperfections) in all proceedings and actions filed or taken to enforce this confessed judgment, including entry of the confessed judgment against Defendants and in executing upon that judgment against Defendants.

13) Defendants acknowledge that they have had the opportunity to consult with legal counsel of their choice about this matter and that counsel has reviewed the consequences of authorizing the confession of judgment. Defendants certify that the consent to the entry of judgment by confession and the waivers given above are voluntary, intentional, and knowing consents and waivers given with full understanding and awareness of the legal consequences of such consents. This Confession of Judgment shall be binding upon the successors, assigns, executors, and administrators of Defendants and shall inure to the benefit of Plaintiff and his successors and assigns.

14) Defendants represent that Chang Wook Chon has full legal authority to bind Vigor Restaurant LLC, RC CT Avenue Restaurant LLC, and himself, and they agree that Plaintiff may rely on this representation.

Acknowledged and Agreed:

_____
Chang Wook Chon
On behalf of himself,
On behalf of Vigor Restaurant LLC, and
On behalf of RC CT Avenue Restaurant LLC

6/26/13
Date

4